## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| SETH A. LEMAY, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 6:19-cv-00173 |
| F.H. CANN & ASSOCIATES, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes SETH A. LEMAY ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of F.H. CANN & ASSOCIATES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367, as it arises out of the same common nucleus of operative facts as Plaintiff's federal question claims.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

PARTIES

4.   Plaintiff is a 25 year old natural "person," as defined by 47 U.S.C. §153(39), residing in McLennan County, Texas, which lies within the Western District of Texas.

5.   Defendant "offer[s] nationwide default prevention, debt collection and account resolution solutions for a wide range of industries including federal, state, and local government as well as educational and financial institutions."[1]  Defendant is a third-party debt collector with its registered agent located at 131 Druid Hill Road, Methuen, Massachusetts.  Defendant regularly collects upon consumers located within the state of Texas.

6.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

7.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

8.   A few years ago, Plaintiff pursued a college degree, which he financed through student loans.

9.   Plaintiff was unable to complete his coursework and eventually defaulted on his student loans, thus incurring debt ("subject debt").

10. In approximately November 2018, Plaintiff began receiving calls to his cellular phone, (254) XXX-9297, from Defendant attempting to collect upon the subject debt.

---

[1] https://www.fhcann.com/services

11. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -9297.  Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. Plaintiff is employed as a construction worker, and several of Defendant's phone calls were being placed during work hours, which exposed Plaintiff to serious injury.

13. As a result, Plaintiff was prompted to answer Defendant's calls and explain his inability to speak during work hours.

14. Despite Plaintiff's assertions, Defendant's representative, "Juan Ramirez," threatened Plaintiff with garnishment.

15. Defendant's threat caused Plaintiff to submit payment toward the end of November 2018.

16. In February 2019, Defendant resumed its collection phone calls, and threatened to garnish Plaintiff's wages once again.

17. Moreover, Plaintiff learned that his mother was also receiving calls from Defendant, in which Defendant disclosed that Plaintiff purportedly owes the subject debt.

18. Defendant also contacted an individual who went to high school with Plaintiff, despite the fact that Plaintiff and that individual are not close acquaintances.

19. Defendant has called Plaintiff using various phone numbers, including but not limited to: (877) 677-9126 and (817) 547-0590.

20. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

21. Defendant's conduct has caused Plaintiff humiliation and distress, prompting Plaintiff to speak with Sulaiman regarding his rights, resulting in expenses.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and alleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    **a.   Violations of FDCPA §§ 1692b(1)-(2), § 1692c(b), and § 1692c(a)(1)**

27. The FDCPA, pursuant to 15 U.S.C. § 1692b, governs what debt collectors must do when placing phone calls to any person other than the consumer. Under 15 U.S.C. § 1692b(1), a debt collector must "state that [it] is confirming or correcting location information concerning the consumer . . . ." Under 15 U.S.C. § 1692b(2), a debt collector must "not state that such consumer owes any debt."

28. Furthermore, under § 1692(c)(b), "without the prior consent of the consumer given directly to the debt collector . . . a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency . . . the attorney of the creditor, or the attorney of the debt collector."

29. Defendant violated 15 U.S.C. §§ 1692b(1) and (2), as well as § 1692c(b) through its contacts to Plaintiff's mother and old classmate. Defendant violated 15 U.S.C. § 1692b(1) and b(2) by failing to state that it was confirming or correcting location information concerning Plaintiff when calling these third parties. Rather than merely stating that it was seeking to confirm or correct location information, Defendant's calls to third parties disclosed information about the subject

4

debt, including the fact that Plaintiff owed said debt. This conduct violates the above referenced portions of the FDCPA.

30. Defendant further violated § 1692c(b) by contacting third parties without the prior consent of Plaintiff given directly to the debt collector. Defendant placed multiple phone calls to these third parties without Plaintiff's consent. Plaintiff never provided these individuals' information to Defendant nor the original creditor. As such, Defendant did not have prior express consent to contact these third parties regarding the subject debt, underscoring its violation of the FDCPA.

31. Defendant violated § 1692c(a)(1) when it continued to place calls to Plaintiff's cellular phone while Plaintiff was at work, despite the fact that Plaintiff informed Defendant that due to the nature of his job, he cannot answer calls while at work.  Accordingly, Defendant knew that placing calls to Plaintiff's cellular phone during his work hours was inconvenient, but yet, Defendant consciously chose to continue placing harassing phone calls.

**b.  Violations of FDCPA § 1692d**

32. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

33. Defendant violated § 1692d through its communication efforts directed towards third parties. By contacting Plaintiff's mother and high school classmate, Defendant engaged in conduct which had the natural consequence of harassing, oppressing, and abusing Plaintiff. Defendant contacted Plaintiff's mother and classmate hoping that such individuals would reach out to Plaintiff and ask why they were getting calls regarding his situation, hoping that such outward pressure would make Plaintiff succumb to its collection efforts. Clearly, Defendant placed the calls to these

third parties as a tactic which it knew would have the natural consequence of harassing Plaintiff into engaging with it.

### c.  Violations of the FDCPA § 1692e

34. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

35. In addition, this section enumerates specific violations, such as:

> "The representation or implication that nonpayment of any debt will result in the . . . seizure, garnishment, attachment, or sale of any property or wages . . . ." 15 U.S.C. § 1692e(4).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

36. Defendant further violated § 1692e, e(4), e(5), and e(10) through its verbal threats of garnishing Plaintiff's wages. Defendant made these threats hoping such threats would put additional pressure on Plaintiff to pay the subject debt. However, such threats were idly made without the intent, or lawful ability, to follow through thereon.

### d.  Violations of FDCPA § 1692f

37. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

38. Defendant violated § 1692f through its unfair collection efforts.  Defendant threatened to garnish Plaintiff's wages absent the authority or intent to do so, Defendant contacted third parties and disclosed information regarding the subject debt, and Defendant continued to call Plaintiff at

work, when it knew that these calls increased the risk that Plaintiff would sustain an injury.  This conduct is blatantly unfair and was done in an attempt to harass Plaintiff into submission.

39. As pled herein, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff SETH A. LEMAY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

42. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

43. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.302

44. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously,

or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

45. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone while Plaintiff was at work.  Plaintiff is in the construction business, and Defendant's persistent phone calls exposed Plaintiff to injury.  Plaintiff notified Defendant as such, but despite his efforts, Defendant continued to call Plaintiff at work.

### b.  Violations of TDCA § 392.304

46. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

47. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to garnish Plaintiff's wages, absent the ability or intent to do so.  In addition, Defendant contacted third parties and disclosed information regarding the subject debt to these individuals, absent consent to do so, illustrating the deceptive nature of Defendant's conduct.

WHEREFORE, Plaintiff, SETH A. LEMAY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c.  Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d.  Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

    e.   Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

    f.   Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 26, 2019

Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

s/Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com